## SECURITY CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No.. 8204.

Circuit Court of Appeals, Ninth Circuit.

June 21, 1937.

Claude I. Parker, John B. Milliken, and Bayley Kohlmeier, all of Los Angeles, Cal. (L. A. Luce, of Washington, D. C., of counsel), for petitioner.

Robert H. Jackson, Asst. U. S. Atty. Gen., and J. Louis Monarch, Norman D. Keller, Fred W. Dewart, and Warren F. Wattles, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

Petitioner has petitioned this court to review a decision of the Board of Tax Appeals which sustained a deficiency determination of the Commissioner for the years 1927 and 1928, in the amounts of $93,353.10, and $106,111.80.

Petitioner was a corporate affiliate of the Security Trust & Savings Bank, hereinafter referred to as the Bank, throughout the years 1927 and 1928, and consolidated income tax returns were filed for those years, and were accepted by respondent.

Petitioner was organized in 1922 pursuant to a certain trust agreement signed by the Bank, its stockholders, and certain trustees, by which the stockholders of the Bank agreed that, if the Bank declared a special dividend for that purpose, that dividend should be paid to the trustees instead of to the stockholders of the Bank, and the trustees agreed to organize a corporation and apply the dividends to payment of the capital and surplus of the new corporation and to hold the stock of the new corporation thus paid for upon trust.

The trust agreement provided that each stockholder of the Bank subscribing to the agreement should become entitled to a beneficial interest in all stock of the new corporation ratably, in proportion to the number of shares of the stock of the Bank which he held, and that the beneficial interest of a stockholder in such capital stock should be transferable only by the transfer of the shares of capital stock of the Bank held by him. The then stockholders of the Bank also agreed in the trust instrument that any further and future special dividends declared by the board of directors of the Bank for the purpose of supplying additional capital or surplus of the Security Company might likewise be paid to said trustees upon trust for the use of the Security Company. All Bank stock· was indorsed to show this agreement.

Stock dividend shares of the Bank were issued three times during the years 1925 and 1927, and issued directly to the trustees, who transferred them to the Security Company, which in turn issued additional shares of its own stock to the trustees to be held by them upon the same conditions as the original stock.

During 1927 and 1928 the petitioner sold 3,834 and 3,445 shares, respectively, of the stock of the Bank thus acquired, and it was stipulated by the parties below, that:

"If the sale by petitioner, as a member of the affiliated group, of shares of the capital stock of its affiliate, the Security Trust and Savings Bank * * * which shares were received by petitioner pursuant to the trust agreement dated July 1, 1922, was such a transaction as gave rise to the receipt of taxable income, then the amount thereof for each of said years is as follows:

"For the year 1927, $645,275.30.

"For the year 1928, $650,151.36."

The Board of Tax Appeals held that the stipulated profits which the petitioner realized upon the sale of the stock issued as a dividend by the Bank, which the petitioner had acquired pursuant to the hereinabove described agreement of July 1, 1922, were also taxable. Petitioner has filed a petition to review that decision.

Section 203 (b) (4) of the Revenue Act of 1926, 44 Stat. 12, and section 112 (b) (5) of the Revenue Act of 1928 (26 U.S.C.A. § 112 and note), provide that: "No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation."

Section 204 (a) (8) of the 1926 act (44 Stat. 14), and section 113 (a) (8) of the 1928 act (26 U.S.C.A. § 113 note), provide that, in that case, the basis for gain or loss "shall be the same as it would be in the hands of the transferor."

The petitioner contends that: (1) Intercompany transactions and intercompany holdings are required to be eliminated in order to reflect the true income of the group as an income computing or tax computing unit; and (2) petitioner and the Bank were affiliates, and that therefore, petitioner having acquired this stock from its affiliate, the transaction was a capital transaction and no taxable income resulted.

Both of these contentions are based upon the assumption that the transaction by which the petitioner acquired the Bank stock was one between the Bank and the petitioner. On the contrary, the stock in question was issued as dividends payable to the stockholders. The stockholders had, however, by a prior agreement, empowered the trustees, as their agents, to receive the same for the purposes of organizing, and later of assisting, the petitioner. When a dividend is declared, it belongs to the stockholders, regardless of the fact that they may have designated some one else to receive it. Lonsdale v. Commissioner (C.C.A.8) 32 F.(2d) 537, certiorari denied Lonsdale v. Lucas, 280 U.S. 575, 50 S.Ct. 30, 74 L.Ed. 627. Similarly, in Blalock v. Georgia Railway & Electric Company (C.C.A.5) 246 F. 387, 390, it was said: "A creditor as truly receives payment of what is due him when, pursuant to his direction, the debtor makes payment to another, as he does when payment is made directly to himself." This case was cited with approval in Old Colony Trust Company v. Commissioner, 279 U.S. 716, 730, 49 S.Ct. 499, 504, 73 L.Ed. 918.

Inasmuch as the individual stockholders of the Bank would have a gain or loss on the sale of the stock dividends received by them, it follows therefore that the petitioner in this case, taking on the same basis as its transferor, also has a gain or loss from the sale of this Bank stock.

Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. ——, can be distinguished, for there the assignees were not acting for the assignor, but were the recipients of a percentage of the assignor's total interest, holding that portion with all the concomitants of ownership, on their own behalf only. The situation here is much more similar to that presented in Ward v. Commissioner (C.C.A.9) 58 F.(2d) 757, certiorari denied 287 U.S. 656, 53 S.Ct. 118, 77 L.Ed. 567, for the ownership of the Bank stock remained always in the hands of the stockholders. They merely transferred their right to receive certain stock dividends to be issued upon that stock.

The petitioner, assuming that this was a transaction between the Bank and itself, presented some questions which, therefore, we do not need to pass upon:

(1) Is a transaction between affiliates owned by the same interests, but not parent and subsidiary, making a consolidated income tax return, considered an intercompany transaction to be eliminated in computing the income of the group?

(2) Is such transaction also to be eliminated in computing the tax of the individual affiliate, who is a member of such a consolidated income tax group?

Affirmed.